Filed 10/22/15  P. v. Harrison CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078367 |
| Plaintiff and Appellant, | (Super. Ct. No. CM041761) |
| v. | |
| MARSHALL TYLER HARRISON, | |
| Defendant and Respondent. | |

The People appeal the trial court's order reducing defendant Marshall Tyler Harrison's felony failure to appear to a misdemeanor under the Safe Neighborhoods and Schools Act (Proposition 47).  They contend this reduction was an improper expansion of Proposition 47.  We agree and shall reverse.

## PROCEDURAL BACKGROUND

The Butte County District Attorney charged defendant with possessing a controlled substance in violation of Health and Safety Code section 11377,

1

subdivision (a). He was released on his own recognizance. On July 16, 2014, defendant failed to appear on the drug possession charge. The district attorney filed a separate complaint alleging defendant had failed to appear on a felony charge of possession of a controlled substance. (Pen. Code, § 1320, subd. (b).)[1] On October 15, 2014, defendant pleaded no contest to felony failure to appear. In a separate case, he also pleaded to felony possession of hydrocodone. The remaining counts and allegations were dismissed.[2]

On November 4, 2014, by operation of an initiative, defendant's felony drug possession offense was reduced to a misdemeanor. (Health & Saf. Code, § 11377 [see Voter Information Guide, Gen. Elec. (Nov 4, 2014), text of Prop. 47, § 13, p. 73].) Based on this enactment, at the November 25, 2014 sentencing hearing, the trial court concluded it should also reduce the felony conviction of section 1320, subdivision (b) for failure to appear on felony charges to a misdemeanor conviction of section 1320, subdivision (a) for failure to appear on misdemeanor charges. The trial court granted defendant three years of formal probation. The People filed a timely appeal. (§ 1238, subd. (a)(1), (5) & (6).) Defendant did not file a respondent's brief.

## DISCUSSION

The People contend the trial court's action was unauthorized, as it improperly expanded the scope of Proposition 47. We agree.

We recently decided this precise issue in *People v. Eandi* (2015) 239 Cal.App.4th 801 (*Eandi*) (petn. for review pending, petn. filed Sept. 22, 2015, S229305) and *People v. Perez* (2015) 239 Cal.App.4th 24, 32 (petn. for review pending, petn. filed Sept. 3, 2015,

---

[1] Undesignated statutory references are to the Penal Code.
[2] The facts underlying defendant's other offenses are not relevant to any issue raised on appeal, and are therefore not recounted here.

S229046). We recognize these decisions are not yet final, but continue to find their reasoning persuasive and will follow it here.

Proposition 47 explicitly reduced a number of specific offenses from felonies to misdemeanors. Section 1320 is not among those offenses expressly included in the text of Proposition 47. (*Eandi*, *supra*, 239 Cal.App.4th at p. 804.) "Failure to appear is a crime of deceit that is premised on a defendant's breach of a contractual agreement. [Citation.] Because it is the breach of this *promise* that is the gist of the offense, the ultimate disposition of the underlying offense is immaterial. [Citation.] As a result, the true question is whether [Proposition 47] has a *collateral* retroactive effect such that the pending felony drug possession charge *at the time of the breach of promise of failure to appear* in [July 2014] became a misdemeanor as a matter law retroactively, thereby negating a necessary statutory element of failure to appear on a felony charge: having been '*charged with . . .* the commission of a felony.' " (*Eandi*, at p. 805.) Nothing in either the express language of the initiative or its ballot materials reflects any intent to provide retroactive collateral relief as a matter of law. (*Ibid*.) In July 2014, when defendant failed to appear, there was a felony charge pending against him for which he had promised to appear. "The initiative did not purport to exercise a power to go back in time and alter the felony status of every affected offense in every context. It merely offered the possibility of a reduction in current punishment for a conviction or a redesignation of the status of completed punishment for a conviction *on a petition for a recall of sentence.* Prior felony *convictions* remain such absent a petition; we do not discern . . . any cogent reason why a then pending felony charge should transform to a misdemeanor as a matter of law for purposes of its collateral effect on a different offense." (*Eandi*, at pp. 805-806, fn. omitted.) "[T]he felony status of an offense *at the time charges were filed with the trial court* remained unchanged notwithstanding the November 2014 enactment [of Proposition 47] . . . ." (*Id.* at p. 806.)

The trial court therefore lacked authority to reduce defendant's conviction for failure to appear from a felony to a misdemeanor. We must set aside the order of probation and remand for further proceedings treating the failure to appear conviction as a felony conviction.

## DISPOSITION

The judgment (order of probation) is vacated. The matter is remanded to the trial court for further proceedings on the felony conviction.


                                            BUTZ , J.


We concur:


HULL , Acting P. J.


DUARTE , J.

4